GUS BARNES *v.* STATE.

[59 South. 887.]

INTOXICATING LIQUOR. *Carrying liquor to church. Code* 1906, *section* 1759.

A defendant cannot be convicted under an affidavit charging him under section 1759 of the Code 1906 with carrying liquor to a church not situated in a city, town or village where he simply carried the intoxicating liquor within two miles of the church; it must be carried to the church. The words "at or within two miles" in the statute refer to sales, or offers for sale of such liquors and not to treating, giving away, or carrying it to such place.

APPEAL from the circuit court of Covington county.
HON. W. H. HUGHES, Judge.

Gus Barnes was convicted of carrying intoxicating liquors to a church and appeals.

The facts are fully stated in the opinion of the court.

*G. E. Garner,* for appellant.

Section 1759, Code 1906, under which this defendant was charged reads as follows: "If a person sell or offer

to sell any liquor, vinous, spirituous, or other intoxicating drink, at or within two miles of any meeting house or other place of worship, or treat or give away or carry to such place any liquor vinous or spirituous, or other intoxicating drink, save for sacremental purposes, during the time appointed for the continuance of such worship, he shall on conviction thereof be fined thirty dollars for each offense, or be imprisoned in the county jail thirty days or both; but this section shall not extend to any city or town, or to persons residing permanently in the limits prescribed, and complying with the requisites of the law in other respects.'' I submit that this case falls short of the statute in many respects. 1st. There is no evidence showing that the defendant carried the whiskey to the church, which would be absolutely necessary to a conviction under the indictment. There is no evidence that he sold or gave away any of the intoxicating liquor within two miles of the church, but I submit that the only thing that the state did prove was that he had the pint of whiskey and the officer took it off him unopened, in the middle of the public road, where he had a perfect right to be with the whiskey unless selling or giving it away; I submit that the evidence will substantiate nothing more than that.

The instruction given for the state is all erroneous, in that it does not explain that the mere carrying the whiskey to the church is sufficient, nor that before a conviction can be had on carrying it within two miles thereof, it is necessary to show that it was sold or offered for sale within that distance, but leaves the impression on the jury that even though the defendant did not sell or offer to sell, did not give away or offer to give away, the whiskey, did not stop at the church, but just passed by the church, in the public road, with the whiskey in his pocket carrying it home, they must convict, and is in fact in substance the following instruction: ''If the defendant passed the church with whiskey in his pocket you must

convict'' and does not near bear out the inspection of and comparison with the law as it is intended.

I submit that the law does not, nor was it intended to make it an offense to pass by a church with intoxicating liquor on one's person, provided he did not sell, attempt to sell or give away the liquor, and to do so would be a hardship on many citizens. The section under which this case was tried says that it is a violation of the law to sell or offer to sell at or within two miles of a church, but it further says that any one who shall carry to such place shall be guilty and to make a crime out of the case at bar it would be necessary to construe this section as meaning that if any one shall carry whiskey within two miles of a church while worship is going on, no matter if he were passing by the church on his way home, or whether he stopped within two miles of the church, and I submit that you cannot construe this section as meaning this, and if you did, many a good old citizen who comes to town would be found wending his way back home through the woods trying to keep two miles from a church, and I am of the opinion that it would not be long before most of our country churches would all be well located two miles from all passing public roads. Then it is, I say, that the whole instruction given for the state was erroneous and the modifications made in the defendant's instructions were erroneous (the court added to defendant's instructions, ''or within two miles thereof'') and very misleading to the jury and the defendant is therefore entitled to another hearing, when the proper instructions can be submitted, through the guidance of the opinion handed down by this honorable court.

*Claude Clayton,* assistant attorney-general, for the state.

An affidavit was filed against appellant in the justice court of Covington county, charging him with violating the provisions of section 1759 of the Code of 1906. He

was convicted in the justice's court, and prosecuted an appeal to the circuit court of the county. As a matter of fact, he interposed a plea of not guilty, and the case was tried by a good and lawful jury of Covington county, and the witness Mayfield made out or established the guilt of appellant if his testimony was believed by the jury. Their verdict shows that they accepted his statement as true.

I do not think that there were any errors committed by the court either in amending the affidavit, or in the instructions given for the state, or modified for appellant.

Therefore I submit that the verdict of this jury ought to stand.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted under an affidavit charging him under section 1759 of the Code of 1906 with carrying intoxicating liquors to a church not situated in a city, town, or village. Appellant was arrested about two hundred yards from this church in a public road which passes within about twenty-five feet of the church. He was not seen to enter the church or its grounds or to loiter in that vicinity.

The court below tried the case on the theory that the statute was violated by simply carrying intoxicating liquors within two miles of the church. This is a misconception of the statute. It is not unlawful under this statute to carry intoxicating liquors within two miles of a church. It must be carried to the church. The words "at or within two miles," etc., refer to sales or offers for sale of such liquors, and not to treating, giving away, or carrying it to such a place.

The judgment of the court below is therefore reversed, and the cause dismissed.

*Reversed and the cause dismissed.*